**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000659**
**24-OCT-2019**
**09:53 AM**

NO. CAAP-17-0000659

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FOE LIULAMA, Plaintiff-Appellant, v.
STATE OF HAWAI'I, Defendant-Appellee,
and JOHN DOES 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-0391)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Chan, JJ.)

Plaintiff-Appellant Foe Liulama (Liulama) appeals from the Circuit Court of the First Circuit's (Circuit Court)[1] May 14, 2018 Judgment in favor of Defendant-Appellee State of Hawai'i (State) and against Liulama entered on the Order Granting Defendant State of Hawai'i's Motion to Dismiss First Amended Complaint for Negligence.

Liulama essentially argues that the Circuit Court erroneously dismissed the First Amended Complaint (FAC) as untimely.  The State concedes.

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we resolve Liulama's appeal as follows, vacate the Judgment and remand for further proceedings.

---

[1]    The Honorable Keith K. Hiraoka presided.

Liulama was incarcerated by the State and was allegedly negligently held thirty-six days past his correctly-calculated release date.

Liulama was allowed to join, on April 10, 2009, as a plaintiff with several other inmates, almost all of whom had claims under Hawaii Revised Statutes (HRS) § 706-668.5 (2014 & Supp. 2015), in a civil rights lawsuit against two State corrections officials pending in the United States District Court for the District of Hawai'i (USDC). Alston v. Read, 1:07-CV-0266-SPK-LEK. Ultimately, the federal court dismissed the federal court claims against the officials based on qualified immunity, Alston v. Read, 663 F.3d 1094, 1100 (9th Cir. 2011), declined to exercise supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim [] if . . . (3) the district court has dismissed all claims over which it has original jurisdiction[.]"), and remanded the actions that were removed from state court.[2] On March 8, 2017, Liulama, who had not previously filed his claims in state court, filed a complaint in Circuit Court, followed by the FAC on March 21, 2017, alleging negligence on the part of the State. Liulama v. State of Hawai'i, Civ. No. 17-1-0391.

Noting that there were no published Hawai'i appellate decisions applying § 1367(d), the Circuit Court chose the "extension/grace period" approach, City of Los Angeles v. County of Kern, 328 P.3d 56 (Cal. 2014), abrogated by Artis v. D.C., 138 S. Ct. 594 (2018), calculating that, since Liulama's two-year limitations period would have expired during the pendency of the federal court proceedings, the deadline for filing his state court lawsuit was April 8, 2016. Since Liulama did not file his complaint until March 8, 2017, the Circuit Court dismissed his case.

---

[2] We take judicial notice of the March 9, 2016 Order Granting Defendants' Motion to Dismiss Federal Claims and Remanding State Law Claims filed in the USDC in Alston v. Read, CV No. 07-00266.

Following the Circuit Court's dismissal, the United States Supreme Court held that § 1367(d)'s directive to "'toll' a state limitations period means to hold it in abeyance, i.e., to stop the clock." Artis, 138 S. Ct. at 598. Therefore, Liulama had 491 days remaining until the two-year statute of limitations period expired,[3] plus an additional thirty days under § 1367(d), to commence the Circuit Court action. Pursuant to Artis, then, Liulama had until August 12, 2017, not April 8, 2016, to file his Circuit Court complaint, rendering his March 8, 2017 filing timely.

Based on our resolution of this issue, it is unnecessary to decide Liulama's remaining points on appeal.

For the foregoing reasons, we vacate the May 14, 2018 Judgment and remand this case for further proceedings.

DATED: Honolulu, Hawai'i, October 24, 2019.

On the briefs:

Jack Schweigert
Rory Soares Toomey,
for Plaintiff-Appellant.

Presiding Judge

Caron M. Inagaki
Kendall J. Moser
William K. Awong,
Deputy Attorneys General
for Defendant-Appellee.

Associate Judge

Associate Judge

---

[3] The FAC alleges that the State's negligence began August 14, 2008; 239 days later (April 10, 2009) Liulama joined the Alston matter, during which time the two-year limitations period was "suspended" under § 1367(d). Seven hundred and thirty days (two years), minus 239 days, is 491 days.